ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Monday, March 15, 2021 5:18:33 PM
CASE NUMBER: 2021 CV 01031 Docket ID: 35305312
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| PEDRO BADRA-MUNIZ<br>1345 West Lunt Avenue, #208<br>Chicago, IL 60626,<br><br>    Plaintiff,<br><br>vs.<br><br>VINYL & CARPET SERVICE, INC.<br>c/o Alan R. Trenz, Statutory Agent<br>35 E. Seventh Street, Suite 400<br>Cincinnati, Ohio 45202,<br><br>    and<br><br>JOHN DOES (1-99)<br>[Addresses Unknown]<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br>(Judge _____)<br><br><br><br>COMPLAINT FOR PERSONAL<br>INJURIES, PERMANENT<br>DISABILITY, LOST INCOME, AND<br><u>LOSS OF HOUSEHOLD SERVICES</u><br><br>(Jury Demand Endorsed Hereon) |

Plaintiff, Pedro Badra-Muniz, for his Complaint for Personal Injuries, Permanent Disability, Lost Income, and Loss of Household Services, against Defendants, Vinyl & Carpet Service, Inc., and John Does 1-99, states and alleges as follows.

<u>PARTIES, JURISDICTION AND VENUE</u>

1.    Plaintiff is a citizen of Brazil and a legal resident of Chicago, Illinois.

2.    At all times relevant to this complaint, Defendant, Vinyl & Carpet Service, Inc. ("Vinyl & Carpet Service"), was an Ohio corporation with its principal place of business in Hamilton County, Ohio.

3. John Does (1-99) are agents or employees of Vinyl & Carpet Services whose identities and whereabouts are currently unknown.

4. This Court has subject matter jurisdiction over this civil action pursuant to OHIO CONST. art. IV, § 4(B) and Section 2305.01 of the Ohio Revised Code.

5. This Court has personal jurisdiction over the defendants pursuant to Section 2307.382 of the Ohio Revised Code.

6. Venue is proper in this Court pursuant to Rule 3(C)(3) of the Ohio Rules of Civil Procedure, because one or more of the defendants conducted activity giving rise to Plaintiff's claims for relief.

7. Venue is also proper in this Court pursuant to Rule 3(C)(6) of the Ohio Rules of Civil Procedure, because Plaintiff's claims for relief arose in Montgomery County, Ohio.

FACTS COMMON TO ALL CLAIMS

8. At all relevant times, Plaintiff, as an employee of Healthcare Dekor, LLC, was supervising a remodeling project at Gem City Nursing and Rehabilitation Center in Dayton, Ohio (hereinafter, the "Project").

9. Vinyl & Carpet Service was a contractor or subcontractor on the Project.

10. On May 1, 2019, John Doe No. 1, a Vinyl & Carpet Service employee or agent, spilled an oily substance on the floor, then left the area for extended period of time without cleaning up the spill or erecting a sign warning of the hazard.

11. Thereafter, Plaintiff, while in the course and scope of his employment, slipped and fell in the aforementioned oily substance sustaining a severe injury to his left knee, including without limitation a left patella dislocation, marrow edema, a tear of the medial patellofemoral ligament, and a medial meniscal tear.

12. Due to the severity of his injury, Plaintiff underwent two left knee surgeries, the first to remove loose bodies and reconstruct the patellofemoral ligament, and the second to remove a loose body lateral to the femoral condyle.

13. Additionally, due to the severity of his injury, Plaintiff has undergone *inter alia* extensive physical therapy.

### FIRST CLAIM FOR RELIEF
(Negligence *Per Se* against Defendants)

14. Plaintiff incorporates by reference the allegations in paragraphs 1 through 13 above as if fully rewritten herein.

15. Pursuant to Section 4101.11 of the Ohio Revised Code, Defendants had a statutory duty to furnish a place of employment safe for frequenters thereof: (a) by adopting and using methods and processes to render such place of employment safe; and (b) by doing every other thing reasonably necessary to protect the life, health, safety and welfare of such frequenters.

16. Defendants' breach of the aforementioned statutory duties constitutes negligence *per se*.

17. As a direct and proximate result of their negligence *per se*, Defendants caused Plaintiff to slip and fall resulting in severe injuries.

18. As a direct and proximate result of his slip and fall, Plaintiff has suffered personal injuries, medical expense, pain, suffering, permanent disability, emotional distress, lost income, loss of household services, and other economic and non-economic losses, and will do so in the future.

19. As a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount to be determined at trial, which amount exceeds $25,000.

## SECOND CLAIM FOR RELIEF
(Common Law Negligence against Defendants)

20. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 19 as if fully rewritten herein.

21. At the aforementioned time and place, Defendants had a legal duty to conduct their work on the Project so as not to create an unreasonable risk of harm to frequenters of their work area.

22. Defendants breached that duty by spilling an oily substance on the floor, then leaving the area for an extended period of time without cleaning up the spill or erecting a sign warning of the hazard.

23. As a direct and proximate result of their negligence, Defendants caused Plaintiff to slip and fall resulting in severe injuries.

24. As a direct and proximate result of his slip and fall, Plaintiff has suffered personal injuries, medical expense, pain, suffering, permanent disability, emotional

distress, lost income, loss of household services, and other economic and non-economic losses, and will do so in the future.

25. As a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount to be determined at trial, which amount exceeds $25,000.

WHEREFORE, Plaintiff, Pedro Badra-Muniz, demands judgment against Defendants, jointly and severally, for compensatory damages exceeding $25,000, the costs of these proceedings, and for such other and further relief as the law and justice so require.

Respectfully submitted,

/s/ Thomas J. Intili
Thomas J. Intili, Trial Attorney
Ohio Reg No. 0036843
Attorney for Plaintiff
INTILI GROUP, a Legal
Professional Association
2300 Far Hills Avenue
Dayton, Ohio  45419-1550
Tel:  (937) 226-1770
E-mail:   tom@igattorneys.com
Fax:  (937) 281-1562

JURY DEMAND

Plaintiff demands a trial by jury by the maximum number of jurors permissible by law.

/s/  Thomas J. Intili
Trial Attorney for Plaintiff

5